**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NADINE TOWNSEND,

                Plaintiff,

     v.                                                  No. 13-CV-1604
                                                               (DNH/CFH)

PARKLAND MEMORIAL HOSPITAL, et al.,

                Defendants.

---

**APPEARANCES:**                                         **OF COUNSEL:**

NADINE TOWNSEND
Plaintiff, Pro Se
911 Central Avenue
Apartment #329
Albany, New York 12206

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Nadine Townsend ("Townsend"). Compl. (Dkt. No. 1). Townsend has also filed a motion to proceed in forma pauperis (IFP) (Dkt. No. 2) and requested appointment of counsel (Dkt. No. 3).

## II. DISCUSSION

### A. In Forma Pauperis Application

The Court has reviewed Townsend's IFP application. Dkt. No. 2. Because Townsend sets forth sufficient economic need, the Court finds that Townsend qualifies to proceed IFP.

## B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

The undersigned first recommends dismissal of the action because it is improperly venued. The general venue statute provides that:

> [C]ivil action[s] may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . ; (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Townsend alleges that both defendants can be served at Parkland Memorial Hospital which appears to be located in Dallas, Texas. Compl. at 2. Moreover, the bulk of Townsend's complaint contends that she was denied medical treatment and housing assistance by Parkland in Texas, prior to her moves to California in February of 1999 and ultimately New York in December of 1999. Id. at 3. Specifically, Townsend contends that the Parkland defendants failed to diagnosis and treat multiple tumors in her breast and reproductive organs and then conspired with unidentified individuals and organizations to

continue Townsend's maltreatment as well as failing to subsequently provide her medical records to health clinics after she moved. Id. at 6, 8, 10-11. It appears that defendant Dr. Ramirez was Townsend's primary physician in Texas. Id. at 10-11.

Accordingly, the defendants in this action are presumably all residents of Texas, or somewhere near Texas, as that is where the hospital is located and where Dr. Ramirez is employed. Moreover, all of the alleged unconstitutional events regarding these named defendants, who are the only named defendants in the present case, occurred during Townsend's time in Texas. As no defendant resides in the Northern District of New York and none of the conduct plaintiff complains of occurred in this district, venue in the Northern District of New York is improper.

To cure improper venue, the court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) (citations omitted). "[T]he functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits . . . ." Id. (citation omitted).

With respect as to whether to dismiss or transfer the case, the undersigned recommends dismissal for multiple reasons. While the Second Circuit has instructed that "a district court should not dismiss for improper venue on its own motion except in extraordinary circumstances," this case presents such circumstances. Stitch v. Rehnquist, 982 F.2d 88, 89 (2d Cir. 1992) (citations omitted).

First, Townsend has stated claims for which amendment would be futile. In order to state a claim for medical malpractice, Townsend would have to bring her complaint

-3-

pursuant to a different statute than that which she alleges.[1]

> The F[ederal] T[ort] C[laims] A[ct ("FTCA")] waives the United States' sovereign immunity for certain classes of tort claims and provides federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . . FTCA coverage [is extended] to federally-funded health centers, and certain affiliated individuals . . . In order to bring an FTCA action against the United States for medial malpractice committed by a health center or one of its physicians, the health center must have been deemed to be a federal employee at the time of the alleged wrongful conduct.

Bogues v. United States, 703 F. Supp. 2d. 318, 324 (S.D.N.Y. 2010) (internal quotation marks and citations omitted).  Townsend fails to proffer that the medical institution, or its staff, received federal assistance.  Thus, there are no allegations to establish that they were in fact federally funded so that they were deemed a federal employee at the time of the conduct.

Moreover, "[t]he FTCA provides no basis for this action since it authorizes suits only against the United States itself, not its individual agencies." Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983) (citations omitted).  To the extent that a claim under the FTCA could be brought, Townsend has failed to name the correct defendant in the present action.

Further, pursuant to 28 U.S.C. § 2675(a), a plaintiff cannot maintain an action against

---

[1] Townsend brings this action pursuant to three federal statues.  The first, 42 U.S.C. § 1981, provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings . . . ." Id.  The second, 28 U.S.C. § 1343, provides that district courts have original jurisdiction over conspiracy and failure to prevent conspiracy claims and other equal protection deprivations. Id.  The third, 18 U.S.C. § 1518, provides that no one shall obstruct the criminal investigation into a Federal health care offense. Id.

-4-

the United States pursuant to the FTCA "unless the [plaintiff] shall have first presented the claim to the appropriate Federal agency and his [or her] claim shall have been finally denied by the agency in writing . . . ." Id. Townsend has failed to allege that she has filed any specific administrative claims under the FTCA. Moreover, to the extent that Townsend did allege dates for her medical care, they are in 1999 or before. However, a plaintiff must file such claims within two years of the date of accrual of the claim or "a district court lacks subject matter jurisdiction over . . . [the] FTCA claim." Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999) (citations omitted). It is apparent that Townsend has failed to meet this jurisdictional requirement with respect her alleged claims.

Second, Townsend is extremely litigious. She has recently filed thirteen actions in the Northern District of New York. In this particular action, she states that she already litigated the facts underlying this case and the "judge dismissed [the] claim with prejudice . . . ." Compl. at 4. In cases where litigants are "vexatious" and known to file several related cases, dismissal instead of transfer has been deemed appropriate. See Stitch, 982 F.2d at 88-89.

Accordingly, dismissal seems most appropriate for the reasons outlined above.

To the extent that the undersigned attempts to construe Townsend's complaints liberally given her pro se status, such allegations still fail to state a claim. Townsend contends, in a conclusory fashion, that she was subjected to unequal treatment under the law and conspired against for the duration of her medical treatment history. Such allegations fail to comply with the basic pleading requirements outlined in the Federal Rules.

Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is

-5-

entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

A complaint which fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides

no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

A review of the complaint reveals that a liberal reading of the pleading fails to satisfy the requirements of the above-mentioned Federal Rules. With regard to the conspiracy and equal protection claims, the complaint is, at best, disjointed and confusing. Townsend has failed to name any defendants who were allegedly involved in either the conspiracy or the deprivation of equal protection of the laws of the state. Moreover, it is impossible to determine which actions from which unnamed third parties resulted in any constitutional violations, as none were specifically articulated. After reviewing the complaint, the Court is confused as to what Townsend's claims are, the wrongs inflicted upon her, her damages, and why she is seeking Court intervention.

As previously stated, Townsend has filed a plethora of other complaints in this district. To the extent that such actions regarding conspiracy or deprivation of equal protection occurred with individuals or organizations here in New York, Townsend should allege such actions in a separate case, as amending the present action to include such claims is

disjointed and confusing.

### C. Motion for Appointment of Counsel

Townsend has also filed a motion for appointment of counsel. Dkt. No. 3. In light of the present recommendation, this motion is denied without prejudice as moot at this time. However, in the event this recommendation is not adopted and the complaint is accepted by the Court, Townsend is free to renew her request for appointment of counsel.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that plaintiff's request for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE** and with a right to renew if the present Report and Recommendation suggesting dismissal is not adopted; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Townsend's complaint is **DISMISSED** for improper venue and failure to state a claim; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c)

(citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 24, 2014
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge